# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CHAMBERS OF
*GARRETT E. BROWN, JR.*
CHIEF JUDGE

CLARKSON S. FISHER BLDG. AND U.S. COURTHOUSE
402 EAST STATE STREET ROOM 2020
TRENTON, NEW JERSEY 08608

August 1, 2011

## LETTER ORDER

**RE:** *United States v. Jamaluddin Almahdi*, Criminal No. 00-136

By submission dated May 4, 2011 and filed May 26, 2011 (Doc. No. 43), *pro se* Defendant Jamaluddin Almahdi moves pursuant to Federal Rule of Civil Procedure 60 for relief from this Court's Judgment of January 24, 2011 (Doc. No. 41), which revoked Defendant's period of supervised release and sentenced Defendant to 15 months imprisonment and 21 months of supervised release. The record reflects that Defendant pleaded guilty to two violations of the conditions of supervised release (hereinafter "violations") at a hearing held on January 21, 2011. (Doc. No. 40.) It is undisputed that the conduct underlying these violations occurred on May 15, 2010. (Doc. No. 34 (Petition for Warrant for Offender Under Supervision).) Defendant now contends that this Court lacked jurisdiction to revoke his period of supervised release because his term of supervised release expired on May 25, 2010 before the Court issued the Judgment. Defendant is mistaken.

This Court had jurisdiction to adjudicate Defendant's violations pursuant to 18 U.S.C. § 3231. Federal law provides that: "The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation." 18 U.S.C. § 3583(i). The record reflects that this Court ordered the issuance of a warrant on May 21, 2010 (Doc. No. 34), and that the warrant was issued by the Clerk of the Court on May 24, 2010 (Doc. No. 35). Thus, prior to the expiration of Defendant's term of supervised release on May 25, 2010, a warrant was issued on the basis of allegations that Defendant violated the conditions of supervised release. The alleged violations occurred during the term of supervised release. Consequently, under § 3583(i), this Court retained jurisdiction to revoke a term of supervised release "for any period reasonably necessary for adjudication of matters arising before [the expiration of the term of supervised release]." 18 U.S.C. § 3583(i).

Defendant does not dispute that the misconduct underlying his violations occurred within the term of supervised release, that the warrant issued within the term of supervised release, or that the Court took longer than reasonably necessary to resolve his violations. The record reflects

1

that Defendant was taken into federal custody on December 16, 2010, that then-Magistrate Judge Esther Salas appointed a federal public defender and signed a commitment order the same day, and that this Court conducted a violation hearing on January 21, 2011.  Reading Defendant's *pro se* submission with an extra measure of latitude, Defendant has not shown that the delay between the issuance of the Court's warrant on May 24, 2010 and the Court's hearing on January 21, 2011 was unreasonable, because Defendant concedes that he was in state custody, with the federal warrant held as a detainer, during that period of time.  (Doc. No. 43 at 1.)  Our Circuit has recognized that "it [is] reasonable for the District Court to wait for the adjudication of the state court charges before proceeding with the revocation hearing," because state charges "might be relevant in the revocation proceeding."  *United States v. Poellnitz*, 372 F.3d 562, 571 (3d Cir. 2004) (reversing revocation of supervised release on other grounds, but concluding that the two-year delay between the petition and the subsequent violation hearing was not unreasonable).

Defendant has not shown grounds for relief from this Court's Judgment of January 24, 2011.  Consequently, the Court hereby **DENIES** Defendant's Rule 60 motion (Doc. No. 43).

IT IS SO ORDERED.

/s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR.
United States District Judge

2